Stephens *v.* Clark.

BENJAMIN STEPHENS and WILLIAM L. LIPPINCOTT, Assignees of RICHARD S. HARTSHORNE and HOLMES VAN MATER *v.* JOHN CLARK.

Directions received by the Sheriff from any person other than the plaintiff or his attorney to stay proceedings on an execution are not sufficient to excuse him from being amerced; although the person giving such direction was one of the assignors and a guarantor of the bond on which the action was brought.

*Vanarsdale* for the plaintiffs, moved to amerce the Sheriff of Middlesex, shewed due notice of the motion, and a writ of *fi. fa. de bonis et terris*, returned by the sheriff to November term last, with a levy on the personal and real estate of the defendant.

*Scott* for the sheriff, stated that he had levied on property sufficient to satisfy the execution, but had omitted to make sale in consequence of directions in writing from Holmes Vanmater, one of the assignors of the bond on which the suit was brought, by whom the payment had been guaranteed to the plaintiffs and who had undertaken to procure from the plaintiffs an order to stay proceedings.

*Vanarsdale* replied, that the notice of amercement was served on the 11th January last, and that within a few days after he had written two letters to the sheriff (the receipt of which was admitted) directing him to receive no instructions from Hartshorne or Vanmater, but from the plaintiffs or their attorney alone.

BY THE COURT.—However reluctant we may be to order an amercement against the sheriff who bears the character of an active and faithful officer, yet it is manifest that no cause has been shewn against the motion. From the face of

the writ, he should have accepted directions from the plaintiffs or their attorney only, and after the receipt of the letters, he being forewarned, listened to Vanmater at his peril.

Amercement ordered.